## Case No. 10,450.

OFFUTT v. HALL.

[1 Cranch. C. C. 572.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

PLEADING—AVERMENT OF CONSIDERATION—INDORSEMENT—INSOLVENCY OF MAKER.

1. A count upon a promise to pay the debt of another in a certain event, must aver a consideration.

2. An averment that the defendant put his name on the back of a note with intent to give it credit, and to induce the plaintiff to accept the same, and that the note so indorsed was delivered to the plaintiff for a full and valuable consideration, is a sufficient averment of a consideration for the promise.

3. Insolvency of the maker, in Virginia, dispenses with suit and demand and notice.

Assumpsit. Verdict for the plaintiff, at November term. 1808. on the three first counts, and for the defendant on the last count. [Case unreported. See Case No. 10,-449.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Motion in arrest of judgment. 1. Because the undertaking, set forth in the counts upon which the verdict is taken, is void in law. 2. Because the declaration does not aver that payment of the note was ever demanded of Henderson & Co. 3. Because the declaration does not aver that the defendant had notice of the non-payment of the note by the makers. 4. Because the whole proceedings and verdict are informal and insufficient in law.

The 1st count of the declaration. Whereas on the 17th of September, 1803, Alexander Henderson & Company, by their note in writing, promised to pay to the plaintiff, or order, $625.95 in one hundred and twenty days after date, for value received. And the defendant afterwards, the same day, by his writing, indorsed upon the back of the said note and by him subscribed, did promise the plaintiff that he would pay the plaintiff the amount of the said note in case the said H. & Co. should fail to pay the same and should be insolvent when it became due as aforesaid. And the plaintiff in fact saith that the said A. H. & Co. altogether failed to pay the said note when it became due as aforesaid, and were altogether insolvent when the note became due as aforesaid, namely, on the 17th of January, in the year aforesaid. (1803.) By means whereof the defendant became liable and bound to pay the plaintiff the amount of the note as aforesaid, and being so liable, in consideration thereof afterwards, &c., promised to pay the amount of the said note on demand. 2d count. And whereas H. & Co. on the 17th of September, 1803, in consideration that the plaintiff had sold and delivered to the said H. & Co. a quantity of tobacco, promised to deliver to the plaintiff their promissory note for the same with an indorser upon the said promissory note. And the plaintiff in fact saith that H. & Co. in pursuance of their said promise, namely, on the —— at —— did pass to the plaintiff their promissory note by them subscribed, whereby they promised to pay to the plaintiff, one hundred and twenty days after date, $625.95 value received, which said promissory note after being so made as aforesaid, H. & Co. presented to the defendant for his indorsement, who indorsed it, by which indorsement he promised the plaintiff to pay him the amount of the said note in case H. & Co. should be insolvent when it became due, and should fail to pay the same. And the plaintiff in fact saith that H. & Co. were insolvent when the said note became due, and altogether failed to pay the same or any part thereof to him. By means whereof the defendant became liable and bound to pay the plaintiff the amount of the said note, and being so liable, in consideration thereof, &c., promised to pay on demand. 3d count. And whereas also, H. & Co. on the 17th of September, 1803, at &c., by their certain

writing commonly called a promissory note, by them subscribed, promised to pay the plaintiff, one hundred and twenty days after date, $625.95, for value received, and the defendant afterwards, on the same day, at &c. to give a credit to the said note and to induce the plaintiff to accept the same, did by his certain writing indorsed on the back of the said note with his proper hand and name thereto subscribed, promise to pay to the plaintiff the amount of the said note in case the said H. & Co. should fail to pay the same, and should be insolvent at the time it became due as aforesaid, which said note so indorsed as aforesaid, was delivered by the said H. & Co. to the plaintiff for a full and valuable consideration. And the plaintiff in fact saith that H. & Co. failed to pay to the plaintiff the said note or any part thereof when it became due as aforesaid, and were at that time altogether insolvent, in consequence of which the defendant became liable and bound to pay to the plaintiff the amount of the said note, and being so liable, in consideration thereof afterwards, &c. promised to pay on demand.

CRANCH, Chief Judge, after stating the substance of the three first counts, delivered the opinion of the court, as follows.

These are the counts upon which the verdict is taken. The two first are bad, because they aver no consideration for the written promise contained in the indorsement. The third count avers that the defendant indorsed the note to give it credit and to induce the plaintiff to accept the same, and that the note so indorsed was delivered to him by H. & Co. for a full and valuable consideration. If a consideration be necessary to support an action upon a promise made for such a purpose and under such circumstances, it is supposed that the circumstances themselves will amount to a good consideration in law. This point seems to be decided by the supreme court in the case of Violett v. Patton, 5 Cranch [9 U. S.] 142. Two other questions, however, occur upon this count. 1. Whether the defendant was liable to an action before demand of payment had been made of H. & Co., and 2. Whether the defendant was liable before he received notice of the non-payment. Or in other words, whether the insolvency of H. & Co. at the time the note became payable, is an excuse for the omission to demand payment from them, and to give notice to the defendant. In the case of Ish v. Mills [Case No. 7,104], at the last term, this court decided that the indorser of a promissory note not negotiable, was not, under the Virginia law, entitled to notice; and it was there said that the undertaking of such an indorser was only to pay if the holder, after using due diligence, should fail to recover it from the maker; but that if due diligence has been unsuccessfully used, the indorser becomes absolutely liable, whether he had

notice or not, of the steps which the holder had taken to compel payment from the maker. It is not supposed necessary to state in the declaration, all the steps which the plaintiff has taken to compel such payment, and which amount to due diligence. Is it necessary to state any of them? If suit has been brought against the maker, is it necessary in any case to state it in a declaration against the indorser? If insolvency of the maker be averred, it is certainly not necessary to aver that a suit has been brought, because the insolvency dispenses with the necessity of a suit. If insolvency of the maker be averred, is it necessary to aver a demand from the maker. I think not. For if a suit would be unavailing, à fortiori would be a demand. The same reason which would dispense with a suit in case of insolvency will dispense with a demand. And if a demand be not necessary, it cannot be necessary to aver it. It is no objection therefore to this declaration that it does not aver a demand of payment from Henderson & Co. And if a demand be unnecessary, it cannot be required that the defendant should have notice of a demand. Upon the whole, then, we think the third count can be supported; and, as by the Virginia law the judgment cannot be arrested if there be one good count, judgment ought to be rendered for the plaintiff upon the third count.